**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

In re                                            Case No. 04-81142 - WRS
                                                 Chapter 13
JOHNNIE L. PORTER
AND LIZZIE P. PORTER,

    Debtors.

## MEMORANDUM DECISION

    This Chapter 13 case is before the Court upon the Debtors' Motion to Compel filed on November 4, 2005. (Doc. 17). This motion was heard on December 7, 2005. The Debtors were present by counsel David S. Clark. Creditor Bombardier Capital Inc., (hereinafter "Bombardier"), was not present at the hearing.

    The Debtors are requesting this Court to issue an Order allowing Bombardier to send them their monthly mortgage statements, without the attendant consequences of being in violation of the automatic stay. This request is welcomed as it is a stated goal of this Court to keep Debtors with confirmed Chapter 13 cases informed of amounts due and owed on secured claims. Without such knowledge, these Debtors would be vulnerable to late fees and penalties as a result of nonpayment, late payments made, or payments made in an improper amount. In addition, the possibility of changes occurring in the payment relationship such as an increase or decrease in payment amount, taxes, or interest amount, makes it all the more important to ensure that both sides in the financial relationship are kept well informed. Such undesirable circumstances are far more likely to occur where the Debtor receives no information as to payment amount or history on a secured claim. The Court does not feel that Debtors, left unaware of significant details involved in their

own financial affairs, should be penalized with late fees and the like, as a result of a lack of knowledge due to no fault on their part. Assuming this was allowed to happen, a perverse result would occur— Debtors would be penalized by the very mechanism that was designed for their own protection. This result would appear to contradict the underlying policies and goals behind the implementation of the automatic stay. Hence, the Court has specifically addressed this concern in the Middle District Local Bankruptcy Rule 4001-2(2). That Local Rule provides that a secured party need not seek relief from the automatic stay in order to send to the Debtor, "a nonthreatening written notice: of payments due, of changes in the amount of payment due, of changes in the address where payments are to be sent, that an improper amount has been sent, or that a check has been dishonored."

In this case the Debtors have sent three letters to Bombardier seeking to know how much they have to pay and where to send their monthly mortgage statements. The Court recognizes that some creditors intentionally keep Debtors in the dark while disingenuously pointing to the automatic stay as an impenetrable barrier to communication, as just another way to generate fees. Stopping this abusive practice was the primary reason why Local Rule 4001-2(2) was adopted.

Finally, it is the intent of this Memorandum Decision to assure Bombardier that by sending a monthly statement to the Debtors, in a nonthreatening written manner, they will not be in violation of the automatic stay. Except to the extent heretofore stated, the Debtors' Motion to Compel is DENIED. (Doc. 17). The Court will enter an appropriate Order by way of a separate document.

Done this 15th day of December, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: David S. Clark, Attorney for the Debtors
Bombardier Capital, Inc,
c/o Geoffre D. Alexander
P.O. Box 870
Mobile, AL 36601